UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CORDELL AVANT,
          Plaintiff,

vs.                                                    09-1313

JANINE PAYNE,
          Defendants.

MERIT REVIEW ORDER OF DISMISSAL

      The plaintiff, Cordell Avant is currently detained at the McLean County Jail.  He has filed a complaint pursuant to 42 U. S. C. § 1983.  Avant names as defendants, a nurse, Janine Payne, Sgt. Morgan and the McLean County Jail.

Standard

      The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).[1]

      Pleading particular legal theories or particular facts is not required to state a claim.  Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.).  The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

      The merit review standard is the same as a motion to dismiss standard.  It is well established that *pro se* complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972).  *See also Tarkowski v. Robert Bartlett Realty*

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

*Company*, 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).  Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff.  *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

Allegations

On July 24, 2009, while detained at the McLean County, jail, the plaintiff was playing cards.   He coughed up some blood.  The plaintiff asked Sgt. Stevens to call the nurse.  Stevens did.  The nurse, Payne said it was not her concern and she could do nothing about it.  Then the plaintiff asked Sgt. Stevens to call Sgt. Morgan.   Stevens did.  Morgan's response was the same as Payne's response.  The plaintiff claims he coughed and spit blood for approximately fifteen minutes.  On that basis, the plaintiff claims his request for medical care was denied.

On the face of his complaint, the plaintiff admits that he did not file a grievance.  He says to his knowledge, there is no grievance procedure at the jail.  However, the court, based on its experience with prior litigation brought against employees of the McLean County Jail, takes judicial notice there is a grievance procedure at the McLean County Jail.  Inmates must submit an inmate medical request form to the Health Services staff.  If the inmate is not satisfied with the response to his/her medical request form, he may appeal to the following people in the following order: (1) Director of MCDF Health Services; (2) MCDF Physician; (3) McLean County Administrator; and (4) McLean County Board of Directors.  Inmates are provided a written response of their appeal within five days of receipt.

Conclusion

The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit.  42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Perez v. Wisconsin Dept of Corrections*, 182 F.3d 532, 535-38 (7th Cir. 1999).  Failure to exhaust administrative remedies is an affirmative defense, but as with any affirmative defense, dismissal on the pleadings for failure to exhaust is appropriate if it is "apparent from the complaint itself" and "unmistakable" that exhaustion did not occur.  *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)("when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need

not wait for an answer before dismissing the suit); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). There is no futility, sham. or substantial compliance exception to this requirement, and a plaintiff seeking only monetary damages for ongoing conditions must still utilize the grievance procedure in place before filing suit. *Booth v. Churner*, 121 S.Ct. 1819 (2001)(PLRA requires administrative exhaustion even where grievance process does not permit award of money damages, if "some action" in response to a grievance can be taken); *Massey v.* Helman, 259 F.3d 641 (7th Cir. 2001)(inmate alleging failure to repair hernia timely must exhaust administrative remedies, even though surgery performed and only money damages sought). Exhaustion means properly and timely taking each step in the administrative process established by state procedures. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002)(failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars section 1983 suit). Failure to follow the procedures through to their conclusion, including timely appealing a grievance denial, bars a suit under 42 U.S.C. § 1983. A dismissal for failure to exhaust is without prejudice, so reinstatement is not barred unless the time for exhaustion has expired. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

Furthermore, even had plaintiff exhausted administrative remedies his lawsuit would still be dismissed. An objectively serious injury or medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Chapman*, 241 F.3d at 845, *quoting Zentmyer v. Kendall County* 220 F.3d 805, 810 (7th Cir. 2000)(*quoting Gutierrez v. Peters* 111 F.3d 1364, 1373 (7th Cir. 1997). An objectively serious condition also presents itself if "'failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain.'" *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999), *quoting Gutierrez* at 1373. The plaintiff's condition as described was not a serious medical condition.

It is therefore ordered:

1. Pursuant to 42 U.S.C. § 1997e(a), the plaintiff's entire complaint is dismissed, without prejudice. The clerk of the court is directed to terminate this case in its entirety.
2. Although his lawsuit is dismissed, the plaintiff is still obligated to pay the filing fee in full. *See* 28 U.S.C.A. § 1915(b)(1). The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
3. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.

    Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

Enter this 6th day of April 2010.

                    \_\_\_\_\_s/Harold A. Baker_____
                        Harold A. Baker
                    United States District Judge